UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BENJAMIN SMALLS,

                          Petitioner,

          - against -                               05 Civ. 5182 (CLB)

                               ***Memorandum and Order***

JOSEPH T. SMITH, Superintendent, etc.,

                        Respondent.
----------------------------------------------------------x

Brieant, J.

      By his amended petition under 28 U.S.C. § 2254, Mr. Benjamin Smalls, a state prisoner, seeks a writ of *habeas corpus* vacating his judgment of conviction on December 21, 1999 in Westchester County Court, following a jury trial, for the crime of kidnapping and lesser related offenses. His original petition is postmarked February 9, 2005 and is dated February 8, 2005 by Petitioner, although not docketed until June 1, 2005.

      It is clear that this Petition is time-barred by the one year Statute of Limitations set forth in AEDPA. The undisputed chronology is as follows. In the course of the jury trial and on October 13, 1999, one day prior to the verdict, the trial court warned Defendant pursuant to *People v. Parker,* 57 N.Y. 2d 136 (1982) that if he were to abscond, the proceedings would continue in his absence. Taking the hint, Petitioner did exactly that prior to the verdict and County Judge Zambelli issued a bench warrant and forfeited the bail. Following the jury verdict on December 21, 1999, the Petitioner did not appear for sentencing and was sentenced in absentia to 25 years to life for the first count and for concurrent terms on the remaining counts of conviction.

The Petitioner remained a fugitive until May 30, 2000 when he was arrested pursuant to the bench warrant and the previously imposed sentence was executed.

Mr. Smalls appealed by notice served by his attorney on January 14, 2000, and on March 3, 2000, the People moved to dismiss the appeal in reliance on the Fugitive Disentitlement Doctrine.  On March 17, 2000, the Appellate Division granted the motion and dismissed the Petitioner's direct appeal from the judgment while he was still a fugitive.  This order was granted based on the Fugitive Disentitlement Doctrine, discussed below.

Petitioner filed a *pro se* petition for *habeas corpus* on June 29, 2000 in Supreme Court, Westchester County, making various substantive allegations but not taking issue with the Fugitive Disentitlement Doctrine.  The Supreme Court denied this State writ on procedural grounds and the Appellate Division affirmed on March 18, 2002, holding that "This *habeas corpus* proceeding...was not the appropriate vehicle for asserting the claims raised in the petition."  Accordingly, this effort cannot be regarded as a pending collateral attack in the State courts which was "properly filed" for the purpose of tolling the statute of limitation in AEDPA.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).

The New York Court of Appeals denied leave to appeal on June 6, 2002.

Accordingly, the statute had run by June 18, 2001, when by motion handed to prison authorities for mailing on April 15, 2002, Mr. Smalls moved under New York CPL 440.10 to

vacate the judgment of conviction.  By Order dated August 31, 2002, the County Court denied the motion finding that all the contentions were both procedurally barred and alternatively without merit.  The Appellate Division denied leave to appeal on October 23, 2002.  An application for leave to appeal this Order was denied on November 22, 2002 by a Judge of the New York Court of Appeals on the stated ground that the Appellate Division's denial of leave was not an appealable order.

Thereafter, Petitioner moved for reargument and the Appellate Division denied reargument on February 26, 2003.  The County Court, on August 25, 2003, denied a motion for renewal.  This in turn was appealed by counsel for Petitioner and leave to appeal from denial of the renewal motion was denied by the Appellate Division on January 14, 2004.  A motion to reinstate was filed on February 20, 2004 to appeal from the August 25, 2003 Order.  This was deemed a reargument and denied on April 27, 2004.

This Court agrees with the District Attorney that because Petitioner's judgment of conviction became final for purposes of calculation of time under AEDPA on June 18, 2001, one year and ninety days after the Appellate Division dismissed his appeal at a time when he was still a fugitive and accordingly subject to the power of the New York Courts to dismiss his appeal under the Fugitive Disentitlement Doctrine, this case is time barred.

Four years later, by an application made returnable November 12, 2004, Petitioner moved

for relief in the Appellate Division which deemed this *pro se* motion to be an application to vacate the order dismissing the appeal issued March 17, 2000 and reinstating the appeal.  By Decision and Order dated November 23, 2004, the Appellate Division denied the motion and leave to appeal that denial was denied by the Court of Appeals on March 10, 2005.  While this was "properly filed," it did not revive the statute of limitations of AEDPA.

Even if timely, the claims would be procedurally barred.  Everything in the case hinges on
the Fugitive Disentitlement Doctrine which is not barred by the Constitution and in full effect in New York.  *See United States v. Awadalla*, 357 F.3d 243 (2d Cir. 2004) and cases therein cited, but Cf. *Hansen v. Phillips,* 442 F.3d 789 (2006) (bar of fugitivity regarded as an equitable doctrine and not applied).  *See* also *Goeke v. Branch,* 514 U.S. 115 (1995) (State Court Fugitive Disentitlement remains in full force with respect to federal habeas).

In light of the continued vitality of the Doctrine, the State's decision in refusing to grant relief may not be considered as contrary to or involving an unreasonable application of clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented in the State Court.  The Petition is denied as time-barred, or alternatively as lacking in merit because the claims are all subject to a state procedural bar.

The Clerk shall file a final judgment.  Petitioner may continue to proceed *in forma*

*pauperis* but the Court declines to issue a Certificate of Appealability because the case presents no issue of Constitutional merit which is deserving of Appellate review.

X

      X

           X

                X

                    X

X

                      X

                        X

SO ORDERED.

SO ORDERED.

Dated: White Plains, New York
      November 28, 2006

                                      Charles L. Brieant, U.S.D.J.