UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BENJAMIN SMALLS,

                                        Petitioner,

                                                            05-CV-5182 (CS)
              - against -
                                                      **MEMORANDUM DECISION
                                                            AND ORDER**
JOSEPH T. SMITH, Superintendent,
Elmira Correctional Facility, JEANINE PIRRO,
Westchester County DA,

                                        Respondents.
------------------------------------------------------------------------x

**Appearances:**

Benjamin Smalls
*Pro Se Petitioner*

John J. Sergi, Esq.
Steven A. Bender, Esq.
Assistant District Attorneys
Office of the District Attorney of Westchester County
White Plains, New York
*Counsel for Respondents*

**Seibel, J.**

        Petitioner Benjamin Smalls, a state prisoner, moves pursuant to Rule 60(b)(4) of the

Federal Rules of Civil Procedure for an Order vacating the Decision and Order of this Court

dated November 28, 2006 (the "Underlying Order") (Doc. 15) and the Judgment entered by the

Clerk of Court thereon on November 30, 2006 (the "Judgment") (Doc. 16), denying Petitioner's

amended petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition").  The

Petition sought vacatur of his judgment of conviction on December 21, 1999, in Westchester

County Court, following a jury trial, for kidnapping and related offenses.

## I.  BACKGROUND

Familiarity with the proceedings is assumed.  The Court will summarize the procedural posture as it relates to the present motion.

Petitioner was charged under Westchester County Indictment Number 98-01448-01 with, among other things, kidnapping in the first degree, two counts of assault in the second degree, burglary in the first degree, criminal use of a firearm in the first degree, three counts of criminal possession of a weapon in the third degree and menacing in the second degree, and released upon posting bail.  A jury trial was commenced before the County Court, Westchester County (Zambelli, J.), who expressly warned Petitioner of the consequences of his failure to appear as required under *People v. Parker*, 440 N.E.2d 1313 (N.Y. 1982).  Notwithstanding this advice, Petitioner absconded when the jury reported that it had reached a verdict on October 13, 1999, leading Judge Zambelli to issue a bench warrant and forfeit the bail. On October 14, 1999, the jury returned its verdict finding Petitioner guilty of the above-stated crimes.

Petitioner did not appear for the scheduled sentencing on December 21, 1999, and was sentenced *in absentia* to twenty-five years to life for the kidnapping count, with consecutive terms of seven years for one assault count and one criminal possession of a weapon count, and concurrent terms on the remaining counts.  Steven Levine, Esq., one of the two attorneys who had represented Petitioner, appeared at the sentencing hearing on Petitioner's behalf.[1]

---

[1]  Levine represented Petitioner at the pre-trial *Sandoval* and audibility hearings and during jury selection.  Harvey Slovis, Esq. represented Petitioner at the pre-trial suppression hearings and at trial.

Petitioner appealed by notice served by his attorney on January 14, 2000 (the "Direct Appeal"), and on March 3, 2000, the prosecution moved to dismiss the Direct Appeal based on the fugitive disentitlement doctrine.  On March 17, 2000, the Appellate Division, Second Department (the "Appellate Division") granted the motion and dismissed the Direct Appeal on the basis that Petitioner was "not amenable to the jurisdiction of [the] court."  (Resp't's Opp'n to Pet.[2] Ex. 4.)  Petitioner was then located and arrested pursuant to the bench warrant on May 30, 2000, at which time he was brought into County Court, without counsel, for execution of the previously imposed sentence.

On June 29, 2000, Petitioner filed a petition for a writ of habeas corpus under New York law (the "State Habeas Petition"), arguing that he was deprived of effective assistance of his retained counsel at his sentencing hearing because Mr. Levine was not as familiar with the trial proceedings as his other counsel who had represented him at the trial.  On January 16, 2001, the Supreme Court, Westchester County (Lange, J.), denied the State Habeas Petition on the grounds that the state writ was not the proper vehicle to advance those claims.  Petitioner appealed, adding the claim that the Sentence and Commitment Order signed by the trial court at sentencing was illegally amended at a "re-sentencing hearing" to correct a clerical error.  On March 18, 2002, the Appellate Division affirmed the denial of the State Habeas Petition on the grounds that "it was not the appropriate vehicle for asserting the claims raised in the [P]etition."  *People ex rel. Smalls v. DeCiuceis*, 739 N.Y.S.2d 581 (App. Div. 2002).  On June 6, 2002, the New York

---

[2] "Resp't's Opp'n to Pet." refers to Respondents' Memorandum of Law and Appendix in Opposition to Petitioner's Petition for a Writ of Habeas Corpus, filed October 2, 2006. (Doc. 14.)

Court of Appeals denied leave to appeal from that ruling.  *See People ex rel. Smalls v. DeCiuceis*, 773 N.E.2d 1017 (N.Y. 2002).

Petitioner filed a motion for post-conviction relief under Section 440.10 of the New York Criminal Procedure Law ("C.P.L.") on April 15, 2002, contending that no state court had jurisdiction over him because the local court accusatory instrument and the indictment were defective and that he should not have been sentenced with substitute counsel while he remained a fugitive.  On July 31, 2002, the Westchester County Court (Zambelli, J.) denied the motion on the grounds that: (1) a § 440.10 motion "cannot be utilized as a substitute for direct appeal;" (2) Petitioner's contention that the local criminal court lacked jurisdiction due to a perceived failure to file the felony complaint with the Westchester County Clerk was without merit; (3) Petitioner's claim that the trial court did not have jurisdiction because there was no signed indictment was without merit, as "independent examination of the indictment . . . indicate[d] that the indictment was signed by the foreperson of the grand jury," thus making Petitioner's argument "academic"; and (4) the mere fact that Petitioner was represented by different attorneys at different times of the case did not render their assistance ineffective.  (Resp't's Opp'n to Pet. Ex. 25.)  On October 23, 2002, the Appellate Division denied leave to appeal the County Court decision.  (*Id.* Ex. 30.)  By letter dated November 6, 2002, Petitioner sought leave to appeal to the New York Court of Appeals.  (*Id.* Ex. 31.)  On November 22, 2002, the New York Court of Appeals (Rosenblatt, J.) denied that request on the grounds that the order from which Petitioner sought to appeal was not appealable under C.P.L. § 450.90(1).  (*Id.* Ex. 32.)  On December 2, 2002, Petitioner moved before the Appellate Division for reargument of the denial of leave.  (*Id.* Ex. 33.)  That application was denied on February 26, 2003.  (*Id.* Ex. 36.)

On June 2, 2003, Petitioner's counsel filed a motion for leave to renew his Section 440.10 motion pursuant to Section 2221(e) of the New York Civil Practice Law and Rules ("C.P.L.R.").  (*Id.* Ex. 37.)  On August 25, 2003, the Westchester County Court (Zambelli, J.) denied that motion on the grounds that (1) Petitioner's motion to renew "raise[d] the same claims as the original motions as well as new claims which could have been raised but were not," and thus it was not "based on new facts not offered on the prior motion that would change the prior determination," as required by C.P.L.R. § 2221(e)(2); and (2) "a C.P.L. 440.10 motion cannot be utilized as a substitute for direct appeal."  (*Id.* Ex. 39.)  Petitioner then filed a notice of appeal from the denial of his motion to renew, which was rejected by the Appellate Division on the grounds that County Court's orders can only be appealed by permission, not by right.  Petitioner then moved to reinstate that appeal, which the Appellate Division treated as an application for discretionary appeal and denied on January 23, 2004.  (*Id.* Ex. 42.)  On February 20, 2004, Petitioner's counsel mailed another motion to reinstate that appeal, which the Appellate Division deemed a motion for reargument of the denial of leave, and denied on April 27, 2004. (*Id.* Ex. 45.)

On November 12, 2004, Petitioner moved in the Appellate Division to vacate its dismissal of the Direct Appeal and to reinstate the Direct Appeal.  The Appellate Division denied that motion on November 23, 2004, and the Court of Appeals denied leave to appeal therefrom on March 10, 2005.  *People v. Smalls*, 829 N.E.2d 683 (N.Y. 2005).

On July 21, 2006, Petitioner delivered to prison authorities the instant Petition, seeking relief on the grounds that there was "no indictment of grand jury" and that he was deprived effective assistance of counsel.  Respondents filed their papers in opposition on October 6, 2006,

arguing that (1) the Petition was not timely filed even if Petitioner were accorded tolling for all

of his various applications – most of which were not properly filed – filed between when his

State conviction became final and when he filed the Petition, and (2) the grounds asserted for

relief were barred by New York's procedural barriers under the fugitive disentitlement doctrine,

the application of which was not contrary to, or an unreasonable application of, clearly

established Supreme Court precedent.

In the Underlying Order, the late Judge Charles L. Brieant, to whom this action was

previously assigned, denied the Petition on the grounds that (1) it was time-barred by the one

year statute of limitations on the filing of federal habeas petitions under the Anti-Terrorism and

Effective Death Penalty Act (the "AEDPA Limitations Period"), 28 U.S.C. § 2244(d)(1); and (2)

even if timely, all the claims would be procedurally barred under New York state law by the

fugitive disentitlement doctrine.[3]  On November 21, 2007, the United States Court of Appeals for

the Second Circuit denied Petitioner's motion for a certificate of appealability.

On October 21, 2008, Petitioner filed the present motion, contending that the Underlying

Order should be vacated under Rule 60(b) on the grounds that: (1) the State trial court lacked

subject matter jurisdiction because "[t]he [a]ccusatory [i]nstrument in the Court files does not

contain a signature of a Grand Juror that would [a]uthorize an [i]ndictment" (Smalls Aff. 11); (2)

the Court failed to toll the AEDPA Limitations Period during the pendency of Petitioner's State

---

[3]  In his Supplemental Affirmation (Doc. 22), Petitioner contends that the Judgment is void as the Underlying Order "was not judicially imposed or explicitly ordered by the Honorable Charles L. Brieant by a signed memorandum and order."  (Smalls Supp. Aff. 2.)  This argument appears to be based on Petitioner's reliance on a copy of the Underlying Order missing the last page (page 6), upon which Judge Brieant's signature was entered.  In order to clear up any confusion, a copy of the Underlying Order complete with Judge Brieant's signature will be mailed to Petitioner along with this Memorandum Decision and Order.

Habeas Petition (*id*. 12-14); (3) Petitioner was deprived of his counsel of choice at sentencing (*id*. 15-17); and (4) the Appellate Division's dismissal of Petitioner's direct appeal under the fugitive disentitlement doctrine without first appointing counsel was contrary to or an unreasonable application of settled Supreme Court precedent (*id*. 18-19.)

On January 25, 2009, Petitioner filed a petition for a writ of *certiorari* with the United States Supreme Court seeking review of the Court of Appeals decision affirming the Underlying Order.  The Supreme Court denied *certiorari* by Order dated April 6, 2009.  *Smalls v. Smith*, 129 S. Ct. 1916 (2009).

## II.   DISCUSSION

### A.   STANDARD OF REVIEW

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Relief under Rule 60(b) is limited to one of the six grounds specified in the rule . . . ." *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 8-9 (2d Cir. 1987). These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Clause (6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1) - (5) . . . ." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted).  Motions made under clauses (1), (2) or (3) must be filed "not more than one year after the judgment, order, or proceeding was

entered or taken." Fed. R. Civ. Pro. 60(b)(c)(1).  This one-year limitations period is not applicable to voidness challenges under Rule 60(b)(4).  *See id.*  A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks omitted).

In the habeas corpus context, a Rule 60(b) motion may not be used as an end run around the stringent limitations on second or successive petitions set forth by § 2244(b), but may be used to challenge an alleged "defect in the integrity" of the procedure used to decide the petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  This includes an "assert[ion] that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Id.* at 532 n.4.  In contrast, arguments "attack[ing] the federal court's previous resolution of a claim on the merits" or "present[ing] new claims for relief from [the underlying] . . . judgment of conviction" are beyond the scope of Rule 60(b), and can be brought only in a successive habeas motion after receiving permission to file from the Court of Appeals.  *Id.* at 531-32; *see* 28 U.S.C. § 2244(b)(2).

## B.      IRREGULARITY WITH GRAND JURY INDICTMENT

Notwithstanding the fact that the Westchester County Court rejected the same argument as "academic" after conducting an independent examination of the indictment and determining that it was signed by the foreperson of the grand jury, Petitioner again argues that the State trial court never possessed subject matter jurisdiction over his case because of the lack of a signature on the indictment.  (*See* Smalls Reply Aff. (Doc. 25).)  Although a challenge to subject matter

jurisdiction of the District Court that decided the Section 2254 petition is a proper use of Rule 60(b)(4), *Grace*, 443 F.3d at 193, Petitioner challenges the jurisdiction of the state court in which he was convicted.  That challenge, previously rejected by Judge Brieant, cannot be revived via a Rule 60(b) motion.

In any event, the Supreme Court has explained that "the foreman's duty to sign the indictment is a formality" and thus "the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."  *Hobby v. United States*, 468 U.S. 339, 345 (1984) (citing *Frisbie v. United States*, 157 U.S. 160, 163-165 (1895)).  Further, the Court need not conduct another examination of the indictment to conclude that Petitioner's argument has no merit, as "it has been consistently held that claims of error in a state grand jury proceeding are not cognizable on federal habeas review after a petit jury has convicted the petitioner."  *Jones v. Poole*, No. 06-CV-7172, 2007 U.S. Dist. LEXIS 97514, at *16 (S.D.N.Y. Aug. 21, 2007) (denying request for habeas relief on basis of alleged state grand jury errors, including lack of a jury foreman signature and the unavailability of indictment to petitioner); *accord Jefferson v. Sherrer*, No. 03-CV-1414, 2005 U.S. Dist. LEXIS 25177, at *38-39 (D.N.J. Oct. 25, 2005) (petit jury's conviction rendered harmless petitioner's unsupported claim that the state grand jury foreperson failed to sign the indictment).[4]  Thus, Petitioner's request for habeas relief on this ground is denied.

---

[4] Copies of unreported decisions cited in this Memorandum Decision and Order will be provided to the Petitioner.

### C.    TOLLING OF THE AEDPA LIMITATIONS PERIOD

Because Judge Brieant denied the Petition as untimely, "it could be argued that a challenge to that determination is a challenge to a statute of limitations bar and thus properly is brought pursuant to Rule 60(b)." *Arroyo v. United States*, No. 01-CV-7165, 2007 U.S. Dist. LEXIS 29631, at *6 (S.D.N.Y. Apr. 23, 2007).

"AEDPA's general rule is that a prisoner in custody as a result of a state-court conviction has one year after the date that his or her conviction becomes final in which to file." *Adeline v. Stinson*, 206 F.3d 249, 251 (2d Cir. 2000) (citing 28 U.S.C. § 2244(d)(1)).  The limitation period "does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or -- if the prisoner elects not to file a petition for certiorari -- the time to seek direct review via certiorari has expired." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).  In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

In this case, the Appellate Division affirmed Petitioner's conviction and sentence on direct appeal on March 17, 2000.  Petitioner did not seek leave to appeal to the Court of Appeals, so the conviction became final thirty days later, on April 17, 2000, when the period for seeking review to the Court of Appeals expired.  *See* N.Y. Crim. Proc. Law § 460.10(5)(a) (appellant must make application with intermediate appellate court for a certificate granting leave to appeal to the Court of Appeals within thirty days after service upon the appellant of a copy of the order sought to be appealed.); *Evans v. Miller*, No. 04-CV-9494, 2005 U.S. Dist. LEXIS 11452, at *2-

3 (S.D.N.Y. 2005) (conviction final thirty days after Appellate Division affirmed conviction where petitioner never sought leave to appeal to the Court of Appeals); *accord Senor v. Greiner*, No. 00-CV-5673, 2002 U.S. Dist. LEXIS 17710, at *11 n.3 (E.D.N.Y. 2002).  Thus, absent any grounds for tolling, the AEDPA Limitations Period would have begun to run on that date and ended one-year later, on April 17, 2001.[5]

It is undisputed that there was no action between April 17, 2000 and June 29, 2000, the date that Petitioner filed the State Habeas Petition.  Accordingly, 73 days of the AEDPA Limitations Period had expired and 292 days remained.  At issue here is whether the filing of the State Habeas Petition tolled the AEDPA Limitations Period under 28 U.S.C. § 2244(d)(2). In the Underlying Order, the Court concluded that the State Habeas Petition could not be regarded as a "properly filed" pending collateral attack in State court for the purposes of tolling because the Appellate Division held that such a proceeding was not the appropriate vehicle for asserting the claims raised in the petition.  Petitioner argues, correctly, that this conclusion is contrary to the meaning of "properly filed" under *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

---

[5]  In the Underlying Order, the Court calculated that the AEDPA Limitations Period expired on June 18, 2001, ninety days after the Appellate Division affirmed Petitioner's conviction.  Although a conviction generally becomes final for AEDPA purposes only after the ninety day period to seek review in the United States Supreme Court expires, *Williams*, 237 F.3d at 150 ("[A] petitioner's 'conviction becomes final for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires.'" (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998))), the time to file a petition for a writ of certiorari to review a lower state court judgment only begins to run after the state court of last resort enters an order denying discretionary review, Sup. Ct. R. 13.1, and therefore Petitioner, because he did not seek discretionary review in the Court of Appeals, is not entitled to the additional ninety day extension before deeming his conviction final.  *See Evans*, 2005 U.S. Dist. LEXIS 11452, at *3 (conviction deemed final for AEDPA purposes thirty days after Appellate Division affirmed conviction where petitioner never sought leave to appeal to Court of Appeals); *Senor*, 2002 U.S. Dist. LEXIS 17710, at *11 n.3 (same).

The Second Circuit first discussed the meaning of "properly filed" in *Bennett v. Artuz*, 199 F.3d 116 (2d Cir. 1999).  It rejected the argument that the C.P.L. Section 440.10 post-conviction motion at issue was not a "properly filed" application for post-conviction relief for the purposes of tolling the AEDPA Limitations Period because the claims raised in the motion were either already decided, or should have been raised on direct review, and therefore were procedurally barred by C.P.L. Section 440.10(2)(a) and (c).[6]  *Id.* at 121.  It held that the question of whether a post-conviction application is procedurally barred under a state law such as C.P.L. Section 440.10 is independent from a federal court's obligation to determine whether the application is "properly filed," which turns instead on whether an application for post-conviction relief is "recognized as such under governing state procedures."  *Id.* at 122-23.  The Supreme Court affirmed the decision, explaining that an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws prescribing "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531 U.S. at 8. The Supreme Court reasoned that the procedural

---

[6]  C.P.L. §§ 440.10(2)(a) and (c) provide in pertinent part:

The court must deny a motion to vacate a judgment when:

> (a) The ground or issue raised was previously determined on the merits upon an appeal from the judgment[;] or
>
> . . .
>
> (c) Although sufficient facts appear on the record of the proceeding underlying the judgment to have permitted [adequate review of the issue on direct appeal], no such appellate review or determination occurred owing to the defendants' unjustifiable failure to take or perfect an appeal[.]

bar at issue set forth conditions to obtaining relief, not conditions to filing, and therefore the motion was "properly filed." *Id.* at 11.

Here, in affirming the State Supreme Court's order denying the State Habeas Petition as an improper vehicle for the claims asserted therein, the Appellate Division cited authority which, viewed collectively, stands for the principle that a writ of habeas corpus in New York state courts "can neither be utilized to review claimed errors already passed on in an earlier appeal . . . [n]or issues which could have been raised on appeal but were not." *People ex rel. Douglas v. Vincent*, 416 N.Y.S.2d 307, 309 (App. Div. 1979) (internal quotation marks omitted), *aff'd*, 409 N.E.2d 990 (N.Y. 1980); *see People ex rel. Smith v Hanslmaier*, 655 N.Y.S.2d 976, 977 (App. Div. 1997) ("Because the issues raised in this proceeding could have been reviewed either on direct appeal from the judgment of conviction or on a motion pursuant to CPL article 440 to set aside the judgment, habeas corpus is not an appropriate remedy."); *People ex rel. Benbow v Scully*, 592 N.Y.S.2d 445, 446 (App. Div. 1993) (state habeas petition "procedurally barred" because "it is . . . well settled that the writ may not be used to review questions already passed upon or, absent reasons of practicality and necessity, questions that could have been raised by direct appeal or by collateral attack in the court of conviction.").

As the procedural bar raised by the State Habeas courts in Petitioner's case "is substantially identical to the procedural bar addressed by the Supreme Court in *Artuz v. Bennett*," the State Habeas Petition was "properly filed," and thus the Court should have excluded from the AEDPA Limitations Period the time during which the State Habeas Petition was pending. *Morales v. Sabourin*, No. 00-CV-8773, 2004 U.S. Dist. LEXIS 3415, at *6 (S.D.N.Y. Mar. 5, 2004) (state habeas petition was a "properly filed" application for post-conviction relief for

purposes of tolling AEDPA Limitations Period even though state court denied it as improper

vehicle for claims that grand jury proceedings were defective and counsel was ineffective).

"[A] state-court petition is 'pending' from the time it is first filed until finally disposed of

and *further appellate review is unavailable under the particular state's procedures*." *Bennett*,

199 F.3d at 120 (emphasis added).  Accordingly, the word "pending" in § 2244(d)(2) "cover[s]

the time between a lower state court's decision and the filing of a notice of appeal to a higher

state court," *Carey v. Saffold*, 536 U.S. 214, 217 (2002), but an attempt to appeal an

unappealable decision does not extend the toll, *see Hizbullahankhamon v. Walker*, 255 F.3d 65,

71-72 (2d Cir. 2001) (application for writ of *coram nobis* ceases to be pending when Appellate

Division denies it, notwithstanding applicant's outstanding request for leave to appeal to Court

of Appeals, as no appeal may be taken to Court of Appeals under New York law).  Moreover,

unlike the extension of the date a conviction becomes "final" for purposes of commencing the

AEDPA Limitations Period, "the possible availability of a writ of certiorari from the Supreme

Court" does not toll the AEDPA Limitations Period under Section 2244(d)(2).  *Ramos v. Walker*,

88 F. Supp. 2d 233, 236 (S.D.N.Y. 2000) (agreeing with position taken by the Fifth and Eleventh

Circuits); *accord Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (excluding from

tolling under 28 U.S.C. § 2244(d)(2) the ninety-day period during which petitioner "could have

but did not file a certiorari petition to the United States Supreme Court from the denial of a state

post-conviction petition").  Accordingly, in this case, the State Habeas Petition tolled the

AEDPA limitations period until the Court of Appeals denied leave to appeal on June 6, 2002.

Meanwhile, while the State Habeas Petition was pending, Petitioner filed a

C.P.L. § 440.10 motion for post-conviction relief on April 15, 2002.  Although Petitioner's

-14-

440.10 motion was ultimately dismissed by the Westchester County Court as procedurally defective, it must be considered "properly filed" for purposes of tolling the AEDPA Limitations Period because, like the State Habeas Petition, its delivery and acceptance were in compliance with the applicable laws and rules governing such filings.  *See Artuz*, 531 U.S. at 8.  Thus, the AEDPA Limitations Period was further tolled from June 6, 2002, the date on which the State Habeas Petition was no longer "pending," to October 23, 2002, the date that the Appellate Division denied leave to appeal the Section 440.10 judgment of the Westchester County Court. Respondents concede that the Section 440.10 motion tolled the AEDPA Limitations period through this date, and they correctly point out that Petitioner's purported motion to appeal the Appellate Division's Section 440.10 ruling to the Court of Appeals, which was ultimately dismissed on November 22, 2002, did not further toll the AEDPA Limitation Period because further review by the Court of Appeals was unavailable under New York law.  *See Felton v. Mazzuca*, No. 98-CV-4567, 2004 U.S. Dist. LEXIS 11472, at *4-5 (S.D.N.Y. June 22, 2004) (rejecting petitioner's argument that AEDPA Limitations Period should have been tolled to date when Court of Appeals denied leave to appeal Appellate Division's denial of leave to appeal Bronx County Supreme Court's denial of § 440.10 motion; "once the Appellate Division denies leave to appeal the denial of a § 440.10 motion, pursuant to C.P.L. § 460.15, New York law does not provide for an application for leave to appeal to the Court of Appeals, pursuant to C.P.L. § 460.20."); *accord Ramos*, 88 F. Supp. 2d at 234 n.3 ("There is no provision in New York law for an appeal to the Court of Appeals from an order denying leave to appeal from an order denying a Section 440.10 motion.").

Having established that the AEDPA Limitations Period was tolled through October 23, 2002, the next question is whether Petitioner's motion for reargument of the Appellate Division's denial of his application for leave to appeal, filed on December 2, 2002, and denied on February 26, 2003, further tolled the AEDPA Limitations Period.  Courts in this circuit have held that the AEDPA Limitations Period is tolled while a petitioner seeks reargument before the Appellate Division of a denial of leave to appeal a State trial court's denial of a Section 440.10 motion, because such reargument may properly be sought under New York law.  *See Rodriguez v. Portunodo*, No. 01-CV-547, 2003 U.S. Dist. LEXIS 22660, at *6-7 (S.D.N.Y. Dec. 9, 2003) (collecting cases).  Thus, a motion for reargument "toll[s] the habeas clock . . . during the period between the [Appellate Division's] denial of leave to appeal . . . through . . . the [Appellate Division's] denial of reargument," to the extent that the motion complies with the applicable laws and rules governing the filing of such a motion, including the requirement that motions for reargument be filed within thirty days after the leave to appeal has been decided.  *Id*. at *9-10 (applying rules and regulations governing filing of motion for reargument to Appellate Division, First Department); *see* N.Y. Comp. Codes R. & Regs., tit. 22, § 670.6(a) (as in First Department, motions for reargument to Appellate Division, Second Department, must be made "within 30 days after service of a copy of the decision and order determining the cause or motion, with notice of its entry," unless good cause is shown).

Accordingly, Petitioner had until November 22, 2002 (thirty days from the Appellate Division's October 23, 2002, denial of leave to appeal) to file a timely motion for reargument to the Appellate Division.  As he did not move until December 2, 2002 – and has failed to show good cause for the untimely filing – Petitioner's motion for reargument was not "properly filed,"

and thus did not toll the running of the AEDPA Limitations Period.  Accordingly, the running of

the AEDPA Limiations Period resumed on October 23, 2002, at which time 292 days were

remaining.  An additional 243 days expired before Petitioner sought to renew his Section 440.10

motion on June 23, 2003, at which time 49 days remained.

Like a motion for leave to reargue, a motion for leave to renew a Section 440.10 motion

pursuant to Section 2221(e) of the C.P.L.R. tolls the AEDPA Limitations Period when it is

properly filed.  But unlike a motion for leave to reargue, New York law "does not impose a time

limit for making a motion for leave to renew," *Glicksman v. Bd. of Ed./Cent. Sch. Bd. of

Comsewogue Union Free Sch. Dist.*, 717 N.Y.S.2d 373, 374 (App. Div. 2000).[7]  Therefore,

although Petitioner's motion to renew his Section 440.10 motion was ultimately dismissed, it

was "properly filed" for the purposes of tolling because it was neither "facially defective," nor

did it "fail[] to comply with the procedural requirements of filing a motion to renew; rather, it

was dismissed because [P]etitioner failed to satisfy the three substantive statutory requirements

in C.P.L.R. § 2221(e) so as to entitle him to renewal."  *Bradley v. LaClair*, 599 F. Supp. 2d 395,

404 (W.D.N.Y. 2009) (petitioner's C.P.L.R. § 2221(e) motion to renew was "'properly filed' and

served to toll the statute of limitations under AEDPA").  Thus, although it was not meritorious,

---

[7]  Section 2221(e) of the C.P.L.R. provides that a motion for leave to renew:

1. shall be identified specifically as such;
2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
3. shall contain reasonable justification for the failure to present such facts on the prior motion.

C.P.L.R. § 2221(e).

Petitioner's motion to renew tolled the AEDPA Limitations Period through August 25, 2003, the

date the Westchester County Court denied his motion to renew.

But Petitioner's attempt to appeal the Westchester County Court's denial of his motion to

renew cannot serve to toll the AEDPA Limitations Period because an appeal from a County

Court is not authorized as of right and Petitioner failed to seek a certificate granting leave to

appeal as required under C.P.L. Sections 450.15 and 460.15.  Likewise, Petitioner's attempts to

reinstate the appeal of the denial of his motion to renew cannot serve to toll the AEDPA

Limitations Period because *Artuz* cannot be "read . . . to allow defendants to create their own

methods of seeking post-conviction relief by availing themselves of a state court's general

motion practice."  *Adeline*, 206 F.3d at 252.  Accordingly, the AEDPA does not "authorize

tolling based on the filing of creative, unrecognized motions for leave to appeal."  *Id*. at 253-54

("Were the law otherwise, then so long as the state court were willing to keep its clerk's office

door open to a petitioner, he or she could bring successive motions seeking to reinstate a denied

petition for leave to appeal indefinitely and thus stave off the running of the AEDPA-proscribed

time to file a federal petition for habeas corpus virtually in perpetuity."); *see*

*Hizbullahankhamon*, 255 F.3d at 71 ("Under [*Artuz*] . . . the only question with respect to the

'properly filed' requirement is whether petitioner's initial . . . motions were properly filed; there

is no additional question of whether petitioner's applications for leave to appeal . . . were

properly filed.").

Accordingly, the running of the AEDPA Limiations Period resumed on August 25, 2003,

at which time 49 days remained, and it expired on October 13, 2003.  As Petitioner did not file

his motion in the Appellate Division to vacate its dismissal of the Direct Appeal until November

-18-

12, 2004, such filing, and the related litigation which concluded with the Court of Appeals denying leave to appeal on March 10, 2005, could not serve to revive the already-expired AEDPA Limitations Period or toll it any further.  Thus, it is clear that the Section 2254 Petition was time-barred well in advance of July 16, 2006, the date Petitioner delivered it to prison authorities.[8]  Accordingly, while I have calculated the AEDPA Limitations Period somewhat differently than Judge Brieant, I agree with his conclusion that the Petition came too late.  There is thus no occasion for Rule 60(b) relief from judgment.

### D.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner also claims that he was deprived of his Sixth Amendment right to counsel at the December 21, 1999, sentencing because Mr. Levine appeared on his behalf instead of Petitioner's other attorney, Mr. Slovis.  While Petitioner alleges that "the total [d]enial of [c]ounsel qualifies as a structural error which invalidates the judgment and sentence imposed as void" (Smalls Aff. 16), "Petitioner makes no allegations that the [federal habeas] Court employed incorrect or irregular procedure in deciding [the Underlying Order] or that the Court engaged in other acts manifesting a lack of integrity."  *Salazar v. United States*, No. 05-CV-7496, 2006 U.S. Dist. LEXIS 93385, at *5 (S.D.N.Y. Dec. 27, 2006).  Thus, even if it were timely, Petitioner's ineffective assistance of counsel argument is not properly raised under Rule

---

[8]  Even if I were inclined to toll the AEDPA Limitations Period through April 27, 2004 – the date the Appellate Division denied Petitioner's motion for reargument of the denial of leave to appeal the denial of his motion to renew his Section 440.10 motion was denied by the Appellate Division – the AEDPA Limitations Period would have expired on June 15, 2004. Similarly, if I were inclined to afford Petitioner an extra ninety days in calculating the starting date of the one-year limitations period (to account for the time within which Supreme Court review would have to have been sought, even though he was not entitled to seek it), the AEDPA Limitations Period would have expired on September 13, 2004.

60(b). *See id.* ("Disagreeing with the Court's decision [denying petition for habeas corpus on basis of ineffective assistance of counsel] does not mean that the Court lacked integrity in rendering its findings or that the proceedings were inadequate.").

Even if Rule 60(b) allowed the court to reach the merits of Petitioner's ineffective assistance of counsel claim, Petitioner would not prevail, as "[t]he mere fact that different attorneys assisted the defendant's case at different times does not render their assistance ineffective," *People v. Lopez*, 602 N.Y.S.2d 872, 872 (App. Div. 1993), and Petitioner alleges no basis to believe that his counsel's performance was "deficient" within the meaning of the "rigorous" and "highly demanding" test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Pavel v. Hollins*, 261 F.3d 210, 216 (2d Cir. 2001).

### E.      FUGITIVE DISENTITLEMENT DOCTRINE

Finally, to the extent he challenges Judge Brieant's legal conclusion that, even if timely, the Petition must be denied on the grounds that the claims contained therein are all subject to the state procedural bar set forth by the Fugitive Disentitlement Doctrine, Petitioner has already unsuccessfully sought to appeal that ruling.  He cannot use Rule 60(b) to bring a successive petition, *see Gonzalez*, 545 U.S. at 532 (Rule 60(b) cannot be used to "circumvent the [28 U.S.C. § 2244(b)(3)] requirement that a successive habeas petition be precertified by the [C]ourt of [A]ppeals as falling within an exception to the successive-petition bar"), nor, even if he had such permission, could he present in such a petition a claim raised in a prior application, *see* 28 U.S.C. § 2244(b).

In any event, I agree with Judge Brieant's reasoning in the Underlying Order that the Appellate Division's dismissal of Petitioner's appeal while he was a fugitive and its denial of his

motion to reinstate his appeal after he was apprehended cannot be said to have been "contrary to, or [to have] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *accord Carey v. Musladin*, 549 U.S. 70, 74 (2006) ("[C]learly established Federal law . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." (internal quotation marks omitted)).  Presently, and at the time of the relevant state-court decision in this case, "New York has [had] a full right to establish fugitive disentitlement doctrines." *Taveras v. Smith*, 463 F.3d 141, 149 (2d Cir. 2006).  Petitioner's reliance on *Taveras* for the principle that New York's *per se* dismissal rule does not apply when the appellant has been returned to the jurisdiction of the court before the appeal is dismissed is misplaced, as *Taveras* is not a decision of the United States Supreme Court.  In any event, Petitioner was still at large while his appeal was dismissed, and *Taveras* is thus entirely distinguishable, given that New York courts have regularly applied the fugitive distentitlement doctrine in such circumstances.  *See id*. at 149 (collecting cases).

**III.**    **CONCLUSION**

For the foregoing reasons, Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 20.)

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997); *see also Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (*per curiam*) (certificate of appealability required to appeal order denying Rule 60(b) motion for relief from judgment denying § 2254 petition). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:      September _9_, 2009
               White Plains, New York

                             SO ORDERED.

                             CATHY SEIBEL, U.S.D.J.

-22-